# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:04-22125-MJP-BM |
| v. ) ) | **REPORT AND RECOMMENDATION** |
| BEN BRYSON, FRED GARBADE, ) d/b/a GREENER IMAGE , ) ) | |
| Defendants. ) _____) | |

This is a declaratory judgment action filed by the Plaintiff pursuant to 28 U.S.C. § 2201 to determine the relative rights, duties and obligations of the parties hereto under the terms and conditions of a policy of insurance. See also Fed.R.Civ.P. 57. The policy in question was issued by the Plaintiff on or about September 19, 2001 to the Defendant Fred Garbade d/b/a Greener Image (hereinafter "Garbade"), and provided various insurance coverages including coverage for bodily injury, property damage, and personal and advertising injury. See Plaintiff's Exhibit A. The issue raised in this lawsuit is whether this insurance policy covers claims made against Garbade by the Defendant Ben Bryson in a state court lawsuit. Pursuant to a consent order issued November 15, 2004, the Defendant Garbade does not contest the allegations of the Complaint and, under the terms of the consent order, agrees with the Plaintiff's position that Bryson's claims against Garbade in his state court lawsuit are not covered under the insurance policy.

On September 23, 2005, Plaintiff moved for summary judgment against Bryson. As



Bryson is proceeding in this action pro se, a Roseboro order was entered by the Court on October 25, 2005, advising Bryson of the importance of a motion for summary judgment and of the need for him to file an adequate response. Bryson was specifically advised that if he failed to respond adequately, the Plaintiff's motion may be granted, thereby ending this case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Bryson has failed to ever file any response to the Plaintiff's motion for summary judgment, which is now before the Court for disposition.[1]

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence (exhibits) submitted to the Court, the undesigned finds and concludes that Plaintiff is entitled to the relief sought in this action, and that Plaintiff's motion for summary judgment should therefore be granted.

The evidence reflects that Bryson filed suit against Garbade in the South Carolina Court of Common Pleas in November 2003. The allegations of that lawsuit relate to the proposed purchase by Bryson from Garbade of the business enterprise known as "Greener Image", and problems relating thereto. See Plaintiff's Exhibit B. Specifically, Bryson claims that trees that were on Garbade's property and under Garbade's control were rendered unfit for commercial use due to intentional acts by Garbade, resulting in damages in the amount of $9,910.00. Plaintiff's Exhibit B, ¶ 8. Bryson also seeks damages for loss of employee work time and equipment due to Garbade allegedly breaching the terms of the contract. Id. at ¶¶12-19. Bryson further alleges that Garbade provided misinformation about Bryson to vendors, financial institutions, and existing and potential customers, breaching the parties' agreement of goodwill and adversely affecting the goodwill of the business, resulting in damage to the value of the business. Id. at ¶ 20. Bryson also alleges that Garbade made fraudulent misrepresentations; Id. at ¶¶ 23-39; interfered with a contractual relationship by contacting potential customers of Greener Image; Id. at ¶ 42; and that Garbade committed civil assault and caused Bryson intentional infliction of emotional distress. Id. ¶¶ 46-57.

Plaintiff asserts that none of these claims are covered under the insurance policy at issue. First, Plaintiff notes that the majority of Bryson's alleged damages are purely economic in nature, and therefore do not qualify as "property damage" under the terms and conditions of the

3



policy.² Under the policy, the term "property damage" is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property [as well as] Loss of use of tangible property that is not physically injured." Plaintiff's Exhibit A, Section V(12)(a)&(b). Strictly economic losses, like lost profits, lost anticipated benefits of a bargain, loss of value, or loss of good will do not constitute damage or injury to tangible property as defined in the insurance policy. See generally, Jefferson-Pilot Fire & Casualties Co. v. Sunbelt Beer Distributors, Inc., 839 F.Supp. 376, 378 (D.S.C. 1993) [strictly economic losses like loss of earnings, loss of benefits, loss of earning capacity and loss of reputation do not constitute property damage under a commercial general liability insurance policy]; Century Indemnity Co. v. Golden Hills Builders, Inc., 561 S.E.2d 355, 358 (S.C. 2002); Isle of Palms Pest Control Co. v. Monticello Ins. Co., 459 S.E.2d 318 (S.C.Ct.App. 1995), aff'd, 468 S.E.2d 304 (S.C. 1996); C.D. Walters Construction Co, Inc. v. Fireman's Ins. Co. of Newark, New Jersey, 316 S.E.2d 709 (S.C.Ct.App. 1984).

Further, to be covered under the policy, any property damage had to be the result of an "accident". Id. at Section V(9). While Bryson's claims for damages to the trees under Garbade's control and for any damage to equipment may be considered "property damage" under the policy, Bryson specifically alleges in his complaint, and further testified at his deposition, that all of the actions by Garbade complained of were taken or done intentionally, and were not accidental. See Plaintiff's Exhibit C, p. 36. Damages caused by an intentional act are specifically excluded under the terms of the insurance policy. See Plaintiff's Exhibit A, Section I(2)(a), Section V(9); see also

---

²The insurance policy provides coverage for "bodily injury" or "property damage". Plaintiff's Exhibit A: Insurance Policy, Section I (1)(a). Bryson testified at his deposition that he has not suffered any bodily injury as a result of his claims against Garbade. Plaintiff's Exhibit C, p. 36. Therefore, the policy's coverage for "bodily injury" is not at issue. See generally, Toney v. South Carolina Department of Education, 327 S.E.2d 322 (S.C.1985).

4



Manufacturers and Merchants Mut.Ins.Co. v. Harvey, 498 S.E.2d 222 (S.C.Ct.App. 1998) [intended injury cannot be accidental].

As previously noted, Defendant Bryson has not provided any evidence to counter the evidence or exhibits submitted by the Plaintiff, nor has he provided any argument to dispute Plaintiff's arguments or the caselaw cited by the Plaintiff in support of its arguments. Therefore, based on the evidence presented, Plaintiff is entitled to summary judgment in this declaratory judgment action.

### **Conclusion**

Based on the foregoing, it is recommended that Plaintiff's motion for summary judgment be **granted,** and that an order be entered providing that Plaintiff is not obligated to provide any insurance coverage or other benefits to Garbade for the claims of Bryson under and pursuant to the policy of insurance at issue for any claims asserted by Bryson in the state case of Bryson v. Garbade, C/A No. 03-CP-28-729.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 21, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, *supra*,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street Columbia, South Carolina 29201
